IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT MARTINEZ,

    Plaintiff,

v.                                                                No. 14-cv-0016 SMV/KBM

CITY OF SANTA FE and
ST. PAUL FIRE & MARINE INS. CO.,

    Defendants.[1]

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION FOR DECLARATORY JUDGMENT AND REFORMATION

THIS MATTER is before the Court on Plaintiff Robert Martinez's Motion for Declaratory Judgment and Reformation [Doc. 24] ("Motion"), filed on June 27, 2014. Defendant St. Paul Fire and Marine Insurance Company ("St. Paul")[2] filed a response [Doc. 29] on August 4, 2014. Plaintiff Robert Martinez ("Martinez") filed his reply [Doc. 34] on August 26, 2014. Involuntary Plaintiff City of Santa Fe ("City") filed no documents. All parties have consented to proceed before the undersigned. [Doc. 17]. The Court, having considered the briefing and relevant law, and being fully advised in the premises, finds that Plaintiff's Motion is not well-taken and shall be **DENIED.**

### BACKGROUND

Martinez was a police officer for the City. [Doc. 1-2] at 2. He was injured in a motor vehicle collision on February 14, 2010, when a drunk driver crashed into the police cruiser he

---

[1] The Court realigned the parties such that Defendant City of Santa Fe is now an involuntary plaintiff. [Doc. 22] at 9.
[2] The parties alternatively refer to Defendant as "St. Paul" and "Travelers." [Doc. 1] at 1; [Doc. 1-2] at 1.

was driving.  *Id.* at 2–3.  The police cruiser was insured by St. Paul under an automobile liability policy purchased by the City.  *Id.* at 2.  Martinez claims that he has been unable to work since the accident and that his lost earnings alone exceed $1.2 million.  *Id.* at 3–4.

Martinez recovered $100,000 from the other driver's automobile liability insurance carrier and an additional $100,000 in underinsured motorist benefits from his own carrier.  *Id.* at 4.  He then demanded additional underinsured motorist benefits from St. Paul.  *Id.* at 2.  St. Paul denied Martinez's claims on the grounds that the City's policy provides no uninsured/underinsured ("UM/UIM") motorist coverage.  *Id.* at 4–5.  Martinez argues that the City's policy should be reformed to provide UM/UIM coverage equal to the liability policy limits, which he believes to be at least $1 million.  *Id.* at 5.

On November 7, 2013, Martinez brought suit in state court against the City and St. Paul for declaratory judgment and damages, seeking payment under the City's insurance policy with St. Paul.  *Id.* at 1.  The complaint asserted multiple causes of action against St. Paul, including a request that the Court declare the City's insurance policy with St. Paul to include UM/UIM coverage equal to the limits of liability coverage.  *Id.* at 6–8.

Alleging diversity jurisdiction, St. Paul removed the case from state court on January 6, 2014, arguing that Martinez had fraudulently joined the City.  [Doc. 1] at 1–2; 4–11.  Martinez then filed a motion to remand the case to state court.  [Docs. 11, 12].  On April 4, 2014, the Court realigned the City as an involuntary plaintiff and, finding diversity jurisdiction, denied the motion to remand.  [Doc. 22] at 9, 10.

In the instant Motion, Martinez seeks a declaratory judgment under the New Mexico Declaratory Judgment Act, NMSA 1978 §§ 44-6-1 to -15, as well as reformation of the insurance

policy. [Doc. 24] at 1.  He argues that St. Paul did not adequately offer, and the City did not adequately reject, UM/UIM coverage under New Mexico law.  *Id.* at 2.  Martinez asks the Court to enter an order declaring as much and further declaring that the policy is reformed by operation of law to provide UM/UIM coverage equal to the liability limits.  *Id.* at 2, 4.  Essentially, the Motion seeks the same ultimate relief requested in the first cause of action for declaratory judgment.

St. Paul argues that the Court should construe the Motion as a motion for summary judgment and deny it because it is procedurally deficient. [Doc. 29] at 2–5.  St. Paul argues that this Motion is procedurally deficient because Martinez has failed to show an absence of disputed material facts concerning the requested declaratory judgment.  *Id.* at 7–8.  Moreover, St. Paul argues, New Mexico's UM/UIM statutory provisions do not apply to vehicles owned by political subdivisions of the state, including police vehicles.  *Id.* at 5–6.  Finally, it argues that the City made a considered, intelligent, and knowing decision to reject UM/UIM coverage.  *Id.* at 8−10.

In his reply, Martinez maintains that the present Motion is not one for summary judgment but a motion for declaratory judgment. [Doc. 34] at 2.  Consequently, the parties disagree about who bears the burden of proof in this Motion.  *See* [Doc. 29] at 3, 8; [Doc. 34] at 3–4, 9.  Whereas St. Paul argues that Martinez has failed to establish an absence of disputed material facts, as is necessary to obtain summary judgment, Martinez maintains that the insurer bears the burden of proving a valid rejection of UM/UIM coverage under New Mexico law.  [Doc. 34] at 3.  Martinez also contends that the statutory UM/UIM provisions generally do apply to government subdivisions.  *Id.* at 5–8.

**ANALYSIS**

I.   <u>The Federal Declaratory Judgment Act Controls</u>

Martinez brings his declaratory judgment causes of action and the present Motion under the New Mexico Declaratory Judgment Act, NMSA 1978 §§ 44-6-1 to -15.  [Doc. 1-2] at 6–8; [Doc. 24] at 2.  St. Paul contends that the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201−2202, should control.  [Doc. 29] at 2 n.1.  St. Paul is correct.

A federal court exercising jurisdiction over a case based on diversity of citizenship looks to federal procedural law and to state substantive law.  *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 72 (1938).  The federal Declaratory Judgment Act is procedural.  *Farmers Alliance Mut. Ins. Co. v. Jones*, 570 F.2d 1384, 1386 (10th Cir. 1978).  It "does not create substantive rights for parties . . . [but] merely provides another procedure whereby parties may obtain judicial relief."  *Id.*  Thus, while New Mexico law will control the substantive issues of this case, the federal Declaratory Judgment Act will control the procedure governing Martinez's declaratory judgment claims.  Accordingly, the Court decides the Motion pursuant to the federal Declaratory Judgment Act.

II.  <u>Martinez's Motion for Declaratory Judgment is Procedurally Improper and will be Denied</u>

Under the Declaratory Judgment Act, a court "may declare the rights and other legal relations of any interested party seeking such declaration" where a party files "an appropriate pleading."  28 U.S.C. § 2201(a).  Under the Federal Rules of Civil Procedure, a "pleading" must be one of the following: a complaint or answer to it; an answer to a counterclaim designated as a counterclaim; an answer to a crossclaim; a third-party complaint or answer to it; or, if the court

orders one, a reply to an answer.  Fed. R. Civ. P. 7.  The Federal Rules "govern the procedure for obtaining a declaratory judgment under 28 U.S.C. § 2201."  Fed. R. Civ. P. 57.

Courts and commentators have concluded that an action for declaratory judgment is "an ordinary civil action" subject to the Federal Rules.  *Int'l Bhd. of Teamsters v. E. Conference of Teamsters*, 160 F.R.D. 452, 455–56 (S.D.N.Y. 1995) (quoting 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2768 (1983)) (internal quotation marks omitted).  A party may bring an *action* for declaratory judgment but may not make a *motion* for declaratory judgment.  *Thomas v. Blue Cross & Blue Shield Ass'n*, 594 F.3d 823, 830 (11th Cir. 2010); *Kam-Ko Bio-Pharm Trading Co. Ltd-Australasia v. Mayne Pharma (USA) Inc.*, 560 F.3d 935, 943 (9th Cir. 2009) (quoting *Int'l Bhd. of Teamsters*, 160 F.R.D. at 456); *see Redmond v. Alexander*, 98 B.R. 557, 559 (D. Kan. 1989) (denying a "motion for declaratory judgment" where the moving party "cite[d] no authority whereby the court could find appropriate a request for declaratory relief contained in a pre-answer motion").  A motion for declaratory judgment is thus "inconsistent with the Federal Rules."  *Kam-Ko Bio-Pharm Trading*, 560 F.3d at 943 (quoting *Int'l Bhd. of Teamsters*, 160 F.R.D. at 456).  Considering this authority and finding no contrary authority within the Tenth Circuit, the Court finds that Martinez's motion for declaratory judgment is not cognizable.

It is not uncommon for courts—including courts within the Tenth Circuit—to construe a "motion for declaratory judgment" as a motion for summary judgment on a declaratory judgment action.  *See, e.g.*, *Kam-Ko Bio-Pharm Trading*, 560 F.3d at 943 (upholding the district court's decision to construe a motion for declaratory judgment as a motion for summary judgment); *Doe v. Bd. of Cnty. Comm'rs of Craig Cnty.*, No. 11-CV-0298 CVE/PJC, 2012 WL 2872790, at *3

(N.D. Okla. July 12, 2012) (construing Plaintiff's motion for declaratory judgment as a "motion for summary judgment on his request for a declaratory judgment").  Indeed, "[t]he only way [a] plaintiff['s] motion can be construed as being consistent with the Federal Rules is to construe it as a motion for summary judgment on an action for a declaratory judgment."  *Kam-Ko Bio-Pharm Trading*, 560 F.3d at 943 (quoting *Int'l Bhd. of Teamsters*, 160 F.R.D. at 456).

The Court finds, however, that construing the present Motion as a motion for summary judgment would be inappropriate and unfair.  Martinez insists that his Motion is not a motion for summary judgment. [Doc. 34] at 2–3.  Consequently, his briefings do not comport with those of a Rule 56 motion.[3]  *See* Fed. R. Civ. P. 56; D.N.M.LR-Civ. 56.1.  For example, Martinez's briefs do not argue the burden of proof through the summary judgment lens.  *See generally Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986).  Nor does he set forth any undisputed material facts.  *See* D.N.M.LR-Civ. 56.1(b).  Interpreting the present briefings in a manner consistent with a summary judgment motion would be inappropriate and unfair to Martinez.

The Court will deny the Motion for Declaratory Judgment and Reformation [Doc. 24]. Plaintiff Martinez may submit a motion for summary judgment in accordance with the rules if he so desires.

---

[3] Defendant St. Paul argues that Martinez's Motion "in substance . . . appears to request summary judgment" and should be construed as such.  [Doc. 29] at 2.  This Court agrees that a motion for declaratory judgment is inappropriate but declines to construe the motion as one for summary judgment at this time.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion for Declaratory Judgment and Reformation [Doc. 24] is **DENIED.**

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**